# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

　Plaintiff,

　v.　　　　　　　　　　　　　　　　　　　　　　Case No. 20-CR-162-PP-SCD

ETHAN T. MASSEY,

　Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE

　　　On September 9, 2020, a grand jury sitting in the Eastern District of Wisconsin returned an indictment charging Ethan T. Massey and six others with knowingly and intentionally conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), (C), (D), and 846. *See* ECF No. 1. Massey was arraigned on the charge and entered a plea of not guilty. *See* ECF No. 22. The matter is assigned to U.S. District Judge Pamela Pepper for trial and to me for resolving pretrial motions. *See* 28 U.S.C. § 636; Fed. R. Crim. P. 59; E.D. Wis. Gen. L. R. 72. The case has not yet been scheduled for trial.

　　　On June 25, 2021, Massey filed a motion to sever his trial from that of one of his alleged co-conspirators, Nicholas McAtee. *See* ECF No. 39. According to Massey, a law enforcement report in the discovery indicates that McAtee admitted in recorded jail calls shortly after his arrest that he was on his way to deliver drugs to Massey when he was stopped by the police. *See* ECF Nos. 39, 40. Massey argues that he would be prejudiced if he chooses not to testify at a joint trial and the government introduces McAtee's statements incriminating him. *See* ECF No. 40. Massey also alleges that McAtee's statements may constitute

exculpatory evidence because, in the recorded jail calls, McAtee never actually implicated Massey in the alleged conspiracy. However, Massey would not be able to introduce this evidence if he and McAtee are tried together and McAtee chooses not to testify. Massey therefore seeks severance under Fed. R. Crim. P. 14.

The government opposes the motion. The government avers that it does not intend to introduce any statements from McAtee implicating Massey—in part because the government believes the case against Massey is strong without McAtee's jail calls—unless McAtee agrees to testify against Massey and is subject to cross-examination. Thus, according to the government, the potential prejudice identified in Massey's motion is unlikely to arise and too speculative to outweigh the benefits of a joint trial. *See* ECF No. 47.

The Supreme Court has held that when defendants have been properly joined under Fed. R. Crim. P. 8(b), a district court should grant a severance under Fed. R. Crim. P. 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). For example, "Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant . . . might present a risk of prejudice." *Id.* (citing *Bruton v. United States*, 391 U.S. 123 (1968)). "This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand" and may not be erased by "[l]imiting instructions to the jury." *Bruton*, 391 U.S. at 132 (quoting Fed. R. Crim. P. 14 advisory committee's note to 1966 amendment). "Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." *Zafiro*, 506 U.S. at 539 (citing *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979) (per curiam)).

Massey has failed to demonstrate that severance is required in this case. The potential sources of prejudice identified by Massey will come to pass only if the government introduces McAtee's statements implicating Massey. But the government does not intend to ask any law enforcement witness about such statements and will introduce McAtee's statements only if he agrees to testify against Massey. In the latter scenario, McAtee would be subject to cross-examination, mitigating the danger of prejudice to Massey. Likewise, the potential exculpatory nature of the McAtee jail calls would be relevant only if the government implies that McAtee implicated Massey during those calls. But again, the government assures this will not happen, as it believes its case against Massey is strong without this evidence. Accordingly, because the potential prejudice is too speculative, Massey's motion for severance, ECF No. 39, is **DENIED**. This ruling does not preclude Massey from raising the issue again should it come up at trial.

Your attention is directed to 28 U.S.C. ' 636(b)(1)(A), Fed. R. Crim. P. 59(a), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any order herein, or part thereof, may be filed within fourteen days of service of this order or prior to the final pretrial conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

**SO ORDERED** this 2nd day of August, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge