# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 20-CR-162

ETHAN T. MASSEY, et al.,

        Defendants.

## ORDER

Ethan T. Massey is charged with conspiracy to distribute controlled substances. (ECF No. 1.) When he initially appeared on November 10, 2020, he was serving a state sentence, and so the court lodged a detainer and returned him to state custody. (ECF Nos. 22, 26.) Massey was released from state custody on May 26, 2021, and appeared again before this court. (ECF No. 35.) Following a detention hearing, the court ordered Massey detained. (ECF No. 37.)

The order that was entered following that hearing incorrectly indicated that Massey had failed to rebut the presumption of detention and that he was detained on that basis. (ECF No. 37.) The presumption imposes a low burden on the defendant that is easy to overcome. *See* Daryl J. Olszewski, *The Bail Reform Act of 1984: A Cause of and*

*Solution to the Federal Pretrial Detention Crisis*, 52 Baltimore L. Rev. 77, 99-104 (2022). Massey rebutted the presumption, but because the government proved by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community, the court ordered Massey detained.

On October 17, 2023, Massey moved to reopen the detention hearing. (ECF No. 216.) A detention

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Massey points to his health—specifically, the fact that he "suffers from a rare kidney disease, which has already cost him one kidney" (ECF No. 216 at 2-3) and that he has "contracted COVID multiple times while incarcerated and has been hospitalized as a result at least twice." (ECF No. 216 at 2.) He also states that he "has completed substance abuse and other programs" while incarcerated. (ECF No. 216 at 3.) He states that he will reside with a friend in Baraboo, where he will seek employment. (ECF No. 216 at 3-4.) He proposes release on location monitoring, no contact with any of his co-defendants, and no drug or alcohol use. (ECF No. 216 at 4.)

Massey has failed to present any new material information that merits reopening the detention hearing. He offered the same release plan and made largely the same

arguments at the detention hearing. His health problems related to his kidney disease were noted in his bond study. (ECF No. 34 at 2.) The only information contained in his motion that the court did not have at his detention hearing is the fact that Massey contracted COVID multiple times while in custody. That fact, however, is not material to the danger that Massey poses to the public if released.

The court recognizes that Massey has been detained on this case for nearly three years (although for the first six months he was concurrently serving a state sentence). That is an extraordinarily long time for a person presumed innocent to be detained, and far longer than Congress ever intended when it authorized pretrial detention based on a defendant's perceived future dangerousness. *See* Olszewski, 52 Baltimore L. Rev. at 112-13. Nonetheless, detention of this duration is not uncommon across the country. *Id.* at 128.

However, the length of detention is not a factor the court may consider under the Bail Reform Act. The Speedy Trial Act is the primary means for ensuring that detention does not become protracted. *See* 18 U.S.C. §§ 3161, 3164. In certain extreme instances the Due Process Clause may provide a remedy, but only insofar as the delay was not attributable to the defendant. *See United States v. Infelise*, 934 F.2d 103, 104–05 (7th Cir. 1991). Massey does not argue that his continued detention violates either the Speedy Trial Act or due process.

Because Massey has failed to present new material facts to support reopening the detention hearing,

**IT IS THEREFORE ORDERED** that his "Motion for Bond Hearing" (ECF No. 216) is **denied**.

Dated at Milwaukee, Wisconsin this 18th day of October, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge